## In the District Court of the United States
## For The District of South Carolina

### BEAUFORT DIVISION

| | |
|---|---|
| Tommy Webb, # 164280, | )  Civil Action No. 9:06-1780-PMD-GCK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  **REPORT AND RECOMMENDATION** |
| | )  **OF THE MAGISTRATE JUDGE** |
| Tom Fox, Director, Horry County | ) |
| Detention Center; Sue Safford, Captain, | ) |
| Horry County Detention Center, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I.  INTRODUCTION

The Plaintiff, Tommy Webb ("Plaintiff" or "Webb"), was a pre-trial detainee housed in the Horry County Detention Center ("HCDC") at the time of the alleged incidents giving rise to this action.[1]  Proceeding *pro se*, the Plaintiff seeks relief pursuant to 42 U.S.C. 1983 from the above-captioned Defendants, Tom Fox, Director, Horry County Detention Center ("Director Fox"), and Sue Safford, Captain, Horry County Detention Center ("Captain Safford").  This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  Pending before this court is the Defendants' motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.



## II.  *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972); *Estelle v. Gamble*, 429 U.S.97 (1976); *Loe v.*

---

[1]     The Horry County Detention Center is also known as the J. Reuben Long Detention Center.  As the Plaintiff refers to his place of detention as the Horry County Detention Center, the court likewise will refer to it by that name.

*Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Publ L. No. 104-132, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

      *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). Despite the requirement of liberal construction, the court "cannot ignore a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court." *Rice v. National Security Council*, 244 F.Supp 594 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). Such is the case with the present complaint.



## III.  PROCEDURAL HISTORY

Plaintiff filed this action on June 9, 2006[2] against the Defendants, alleging violations of his rights under the Eighth and Fourteenth Amendments on the grounds that he was not allowed to attend his sister's funeral in Tennessee nor telephone his family members after his sister died, he was denied adequate medical care and appropriate medications after being evaluated by a psychiatrist, and he was denied access to information regarding the criminal charges against him.  He seeks access to information regarding his case and access to a law library, monetary compensation for the mental anguish he suffered as a result of not being allowed to attend his sister's funeral or speak to family members at the time of her death, and access to psychiatric services and specific medications (Seroquel 200 mg and Paxil 20 mg).[3] (*See* Amended Complaint [9]).

After the case was brought in to proper form, an answer was filed on behalf of the Defendants, which raised various affirmative defenses, but did not address whether the Plaintiff had exhausted his administrative remedies prior to filing the action.  [12]  Thereafter, the Defendants filed a motion for summary judgment, a supporting memorandum, and affidavits.  [18]  After reviewing the Defendants' motion, the court issued an Order to the Defendants which requested supplementation of the record, including information about the existence of a grievance procedure and about the Plaintiff's medical care.  [19]  The court also issued Special Interrogatories to the Plaintiff to obtain additional information regarding his

---

[2]  The Plaintiff has the benefit of the holding of *Houston v. Lack,* 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988), with respect to the "delivery" date of his Complaint.  *See* Order [8] at p. 1.

[3]  Plaintiff set forth his claims for relief in a separate document [6] filed in response to the a Report and Recommendation issued by the undersigned which had recommended that the complaint be dismissed without prejudice and without issuance and service of process because the Plaintiff failed to request specific relief in his complaint.  [5]  The Plaintiff's claims for relief were again set forth in his Amended Complaint [9].

claims. [20] The Defendants responded to the court's Order by filing a response on December 19, 2006. [21]

On December 21, 2006, the undersigned issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Defendants' Motion for Summary Judgment in a timely manner. [22] On December 29, 2006, the Plaintiff filed his responses to the court's Special Interrogatories. [23] On January 24, 2007, the Plaintiff requested an extension of time in which to file a response to the Defendants' motion [25], which was granted by the undersigned by an Order filed on January 26, 2007. [26] The Plaintiff did not file a response by the February 26, 2007 deadline, as set forth in the Order; accordingly, the court issued an order instructing the Plaintiff to file a response to the Defendants' motion on or before March 20, 2007. [27]



On March 14, 2007, the Plaintiff filed a motion to appoint counsel and a motion for an extension of time in which to respond to the Defendants' motion. [28] The Defendants filed their opposition to the Plaintiff's motion for appointment of counsel [29], and on March 22, 2007, the court issued an order which denied the Plaintiff's motion to appoint counsel and granted the Plaintiff's motion for extension of time until March 30, 2007. [31] On March 28, a response to Defendants' motion was filed on behalf of the Plaintiff by another inmate, Timothy Webb. [33] The Defendants, in turn, filed a memorandum which argued that Inmate Webb was attempting to practice law in violation of S.C. Code Ann. § 40-5-310 and in direct contradiction to the court's March 22, 2007 order which denied the appointment of counsel to the Plaintiff. The Defendants requested that the court disregard all filings made by inmates on behalf of the Plaintiff. [35]

## IV. SUMMARY JUDGMENT STANDARD

The Defendants' motion for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.



Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

counted." *Anderson*, 477 U.S. at 248. When Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

## V. DISCUSSION

### A. Whether Plaintiff Exhausted his Administrative Remedies Prior to Filing this Action

The Prison Litigation Reform Act of 1996 (the "PLRA"), codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S.Ct. 910, 2007 WL 135890 at *8 (Jan. 22, 2007) (*citing Porter*, 435 U.S. at 524).



The United States Supreme Court, in *Woodford v. Ngo* 548 U.S. —, 126 S.Ct. 2378 (2006), held that to properly exhaust administrative remedies a prisoner must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at ----, 126 S.Ct. 2378. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." *Jones v. Bock*, — U.S. —, 127 S.Ct. 910, 923 (2007). The failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, — U.S. ----, 127 S.Ct. at 921; *see also Anderson v. XYZ Correctional Health Servs., Inc.*, 407

F.3d 674 (4th Cir. 2005). The court notes that "[u]nder Federal Rule of Civil Procedure 8(c), a failure to plead an affirmative defense results in a waiver of that defense[.]" For the reasons discussed below, the undersigned finds that the Defendants have waived this defense.

The Plaintiff states in his complaint filed on June 9, 2006, that in May 2006 he filed a grievance concerning the claims set forth in his complaint. He stated he did not receive a final answer regarding his grievance, and in fact received no response from HCDC. (*See* Amended Complaint [9] at p. 2). As mentioned above, the Defendants's Answer did not raise the affirmative defense that the Plaintiff failed to exhaust his administrative remedies prior to filing suit. Furthermore, the issue of whether Plaintiff exhausted his administrative remedies prior to bringing this action was not specifically discussed in their memorandum in support of their motion for summary judgment. Therefore, the undersigned finds that the Defendants failed to carry their burden of pleading and proving that the Plaintiff failed to exhaust available remedies, and therefore will turn to the merits of the case.

### B. Communication with Family Regarding his Sister's Death

First, Plaintiff complains about not being allowed to attend his sister's funeral in Tennessee or speak to family members about her death. In analyzing the Plaintiff's first issue, the court is mindful that the conditions of detention of a pre-trial detainee are to be evaluated pursuant to the Fourteenth Amendment Due Process Clause of the Constitution to  determine whether the challenged condition constitutes punishment. *Block v. Rutherford*, 468 U.S. 576, 104 S.Ct. 3227, 3231, 82 L.Ed.2d 438 (1984). A pre-trial detainee must not be punished prior to an adjudication of guilt in accordance with due process. *Id.* "'[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id., quoting Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Pretrial detainees "are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575

(4th Cir. 2001). "'Only governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment.'" *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004), *citing Young*, 238 F.3d at 574. "The degree of culpability on the part of a governmental actor that is sufficient to shock the conscience will depend on the circumstances of any given case." *Id.*

Oftentimes, as a practical matter, the contours of the Fourteenth Amendment Due Process Clause are coextensive with the legal principles applied to convicted inmates pursuant to the Eighth Amendment; therefore, cases relevant to the Eighth Amendment are relevant to Fourteenth Amendment claims. *See Riley v. Dorton*, 115 F.3d 1159, 1166-67 (4th Cir. 1997); *Parrish*, 372 F.3d at 302, n.11. The Eighth Amendment is "implicated only in those cases where a prisoner is deprived of the 'minimal civilized measure of life's necessities.'" *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994), *quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). If a prisoner or detainee cannot demonstrate that he suffered serious or significant physical or mental injury as a result of the challenged prison condition, "he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Plaintiff in this case alleges he was denied the ability to attend his sister's funeral or talk by telephone with family members about her death. (*See* Amended Complaint [9] at p. 3). Liberally construed, the Plaintiff alleges pain and suffering with no descriptive details about his injury. However, 42 U.S.C. § 1997e bars the Plaintiff's claim for emotional suffering without a prior showing of physical injury. In this case, it is unclear whether the Plaintiff, who alleged he suffered "mental anguish and cruelty" also was attempting to assert some kind of physical injury such as physical pain and suffering. Nevertheless, the Defendant Captain Safford has stated by affidavit that the Plaintiff was allowed the use of the HCDC telephone in the booking area to call his family. Captain Safford asked the

accompanying officer, Cpl. Jones, the reason the Plaintiff was allowed to use the HCDC telephone. Captain Safford was informed that Plaintiff's sister had died and Cpl. Jones was allowing the Plaintiff the ability to make a long distance telephone call to the home.[4] Thereafter, Captain Safford denied other officers permission to let the Plaintiff make long-distance telephone calls at the detention center's expense, although Captain Safford informed the officers that if the Plaintiff's family accepted his collect calls, he was free to make them.[5] Thus, contrary to the allegations in the Plaintiff's complaint, it appears that the Plaintiff's ability to use a telephone was not altogether denied. Taken as a whole, the court does not find the Plaintiff's claim regarding use of the telephone to state a claim of constitutional magnitude. Furthermore, the Plaintiff merely sets forth conclusory statements that the denial of use of the telephone (calls from which would have been at Horry County's expense) caused him mental anguish. *See, e.g., Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56.").

Finally, while the Plaintiff has alleged mental anguish as a result of the alleged complained-of acts, the Plaintiff makes no allegation of physical harm accompanying his mental anguish. As a prisoner, 42 U.S.C. 1997e(e) limits any recovery for mental or psychological damages to those cases which also include physical injury resulting from the complained-of conditions of confinement.[6] Although the Plaintiff claims monetary damages arising from his alleged mental anguish, because he has failed to allege that he has suffered any physical injury from the Defendants' alleged acts, the Plaintiff has failed to state a viable

---

[4]     *See* Safford Affidavit attached as [18-7] at ¶ 2.

[5]     *See* Safford Affidavit attached as [18-7] at ¶ 3.

[6]     42 U.S.C. 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Section 1983 claim. *See, e.g., Brownlee v. Dorriety*, 2007 WL 704526 at *2 (D.S.C. February 28, 2007).

## C. Inadequate Medical Care

Next, the Plaintiff alleges he has been refused treatment and medication while detained at HCDC. Specifically, the Plaintiff contends he was evaluated by a psychiatrist and was told in order to be stable he needed to be on Seroquel 200mg and Paxil 20 mg. (*See* Amended Complaint [9] at p. 3). In support of this allegation, the Plaintiff attached a letter dated May 23, 2005 from William E. Conkin, Psy.D. to The Honorable John Bell of the General Sessions Court for Cocke County in Tennessee. According to that letter, the Plaintiff had been evaluated in order to determine his ability to stand trial and of his mental condition at the time of the alleged offenses of DUI (4th Offense); Driving on Revoked; Not Wearing Seatbelt; Open Container; Driving with No Insurance. The evaluation concluded that the Plaintiff was "capable of defending himself in a court of law" and further that the Plaintiff "is suffering from mental illness and should receive services in order to maintain competency." (*See* Letter attached to Complaint [1]).

The medical claims of a pre-trial detainee, such as the plaintiff, fall under the Fourteenth Amendment's Due Process Clause rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the inquiry under both amendments is whether the officials were deliberately indifferent to the detainee's serious medical needs. *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988), *citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).



Of course, the government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical services. *Id.* Medical claims of a pretrial detainee are governed by the Due Process

Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988), citing *Estelle*, 429 U.S. 97. "Deliberate indifference is a very high standard. In *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted) . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Furthermore, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F.Supp. 326 (S.D.Ga. 1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g .., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). Finally, it is well established that even medical malpractice does not constitute a violation of an inmate's constitutional rights simply because he happens to be a prisoner or an inmate. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Here, Plaintiff's Complaint, even liberally construed, fails to state a cognizable Section 1983 cause of action because Plaintiff failed to allege any acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. First,

Plaintiff has failed to produce any evidence (apart from those allegations contained in his pleadings) that he had a serious medical need. Second, Plaintiff is unable to demonstrate any "deliberate indifference" to his health care needs. Indeed, the medical records produced by the Defendants and attached to their Motion for summary judgment indicate that the Plaintiff was twice treated emergently at the Conway Medical Center for seizures due to heroin withdrawal.[7] In addition, the Medication Administration Records and Physicians' Order regarding the Plaintiff that were produced by the Defendants indicate that the Plaintiff's Dilantin and Phenobarbital levels were drawn numerous times; the Nurses Notes indicate that the Plaintiff periodically refused to take his prescribed medications. The Defendants have also provided a list of the medications that the Plaintiff has received during his detention at the HCDC. [21] Thus, the records of medical care do not suggest deliberate indifference on the part of any person who treated the Plaintiff. Moreover, neither Director Fox nor Captain Safford were involved in the medical treatment of the Plaintiff. The Plaintiff has failed to state a claim for deliberate indifference to a serious medical need with respect to the Defendants.

### D.  Access to Information regarding his case

Plaintiff also contends that he has been incarcerated at the HCDC for eight (8) months "without having access to any information regarding my case. I am aware of the time my charges carry, however the state will not provide me a motion of discovery enabling me to see the evidence they have." However, neither of the Defendants is involved in the prosecution of the Plaintiff's criminal case. The Plaintiff has no constitutional claim against these Defendants for any alleged failure to inform him or provide to him evidence regarding the case against him.

---

[7]    See Conway Medical Center Discharge Summary dated November 2, 2005, attached to Defendants' Motion as [18-5] and Conway Hospital Emergency Department Report dated November 3, 2005, also attached as [18-5].

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Defendants' Motion for

Summary Judgment **[18] should be granted.**

George C. Kosko
United States Magistrate Judge

April 5, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).