**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| TOMMY WEBB, #164280, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.:9:06-1780-PMD-GCK |
| ) | |
| TOM FOX, Director, Horry County ) | **ORDER** |
| Detention Center; SUE SAFFORD, Captain, ) | |
| Horry County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon the recommendation of the Magistrate Judge that Defendants' Motion for Summary Judgment be granted. The record contains the report and recommendation of United States Magistrate Judge George C. Kosko ("the R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A party is permitted to make a written objection to the R&R within ten days of being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff Tommy Webb ("Plaintiff" or "Webb") has filed a timely objection to the R&R.[1]

### I. BACKGROUND

Plaintiff filed this civil rights action on June 9, 2006, against Defendants Tom Fox, Director of the Horry County Detention Center ("HCDC"), and Sue Safford, Captain at the HCDC. (R&R at 1, 3.) Webb alleges that when he was a pretrial detainee at the HCDC, he was not allowed to telephone his family members after his sister's death or to attend his sister's funeral in Tennessee.

---

[1] On April 24, 2007, this court issued an Order granting defendants' summary judgment motion due to Plaintiff's failure to file objections to the R&R. After receiving a letter from Plaintiff stating that he still resided at the J. Reuben Long Detention Center and that he had not received the R&R, this court ordered the Order filed on April 24, 2007 and the judgment filed on April 26, 2007 vacated. This matter was therefore reinstated, and Plaintiff filed objections within the allotted time.

1

(R&R at 3.) Plaintiff asserts that as a result of this conduct he suffered 'mental anguish and cruelty' in violation of his rights under the Eighth and Fourteenth Amendments. (R&R at 8.) He does not allege any physical injury as a result of his alleged mental anguish. (R&R at 8.) Plaintiff also claims he was denied adequate medical care and the appropriate medications (Seroquel 200 mg and Paxil 20 mg) prescribed to him by the psychiatrist. (R&R at 3.) Finally, Plaintiff alleges that he was denied access to information regarding the criminal charges against him. (R&R at 3.)

On December 11, 2006, Defendants filed a Motion for Summary Judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedure and the consequences of failing to respond adequately. After considering the Motion and Response, the Magistrate Judge recommended that the Defendants' Motion for Summary Judgment be granted. (R&R at 13.)

## II. STANDARD OF REVIEW

### A.     Magistrate Judge's R&R

The Magistrate Judge only makes a recommendation to the Court. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. §636(b)(1). The court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court may accept, reject, or modify the R&R in whole or in part. 28 U.S.C. § 636(b)(1). Additionally, the court may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the court is not required to perform *de novo* review and need only review the Magistrate Judge's recommendation for plain

2

error.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

After reviewing the entire record, the R&R, and Plaintiff's objection, the court finds the Magistrate Judge summarized the facts and applied the correct principles of law.  Therefore, the court adopts the R&R in full and specifically incorporates it into this Order.

### B.     Legal Standard for Summary Judgment

Before granting a motion for summary judgment, the court must determine that "no genuine issue as to any material fact" exists.  Fed. R. Civ. P. 56(c).  When contemplating summary judgment, the court's role is to determine if there is a genuine issue for trial rather than to weigh the veracity of the evidence.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  When viewing the evidence presented, the "inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Therefore, when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate."  *A Fisherman's Best, Inc. v. Recreational Fishing Alliance*, 310 F.3d 183, 190 (4th Cir. 2002) (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)).  The language of Rule 56(c) provides that the entry of summary judgment is mandatory when there has been "adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In opposing a motion for summary judgment, the nonmoving party bears a "particularly strong" obligation because with the burden of proof the party may not "rest upon mere allegation or denials of his pleading, but must set forth specific facts."  *Pachaly v. City of Lynchburg*, 897 F.2d

3

723, 725 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 256)).  Summary judgment plays an "integral part of the Federal Rules as a whole" in that it acts as a way of isolating or preventing from trial "factually insufficient claims or defenses."  *Celotex*, 477 U.S. at 327.

### III. DISCUSSION

After considering Plaintiff's claims on their merits,[2] the Magistrate Judge recommended that Defendants' Motion for Summary Judgment be granted for the following reasons: (1) Plaintiff was unable to show, as required under 42 U.S.C. §1997e(e), that he sustained any physical injury as a result of the mental distress caused by the inability to attend his sister's funeral and speak to family members; (2) Plaintiff failed to present evidence that Defendants acted with the requisite deliberate indifference to a serious medical need; and (3) because Defendants were not involved in the prosecution of Plaintiff's criminal case, Plaintiff had no constitutional claim against them for being kept away from information regarding the evidence in his pending trial.

Plaintiff objects only to the Magistrate Judge's recommendation to dismiss his claim of deliberate indifference to a serious medical need.[3]  Specifically, Plaintiff objects that his allegation that Defendants "have not administered his prescribed medication to plaintiff" does state a constitutional violation.  (Objections at 1.)  Plaintiff does not asserts additional allegations concerning his inadequate medical care that are not contained in his initial complaint.

---

[2] The Magistrate Judge found that Defendants did not carry their burden of proving and pleading that Plaintiff had failed to exhaust available remedies; accordingly, he considered the merits of Plaintiff's claims.

[3] Plaintiff does not object to the Magistrate Judge's recommendation that the court dismiss (1) his mental distress claim and (2) his claim for denial of access to information about his pending criminal case.  Accordingly, the court adopts these recommendations and dismisses these claims without further discussion.

A pretrial detainee's claim of constitutionally inadequate medical treatment arises under the Fourteenth Amendment's Due Process Clause rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983) (explaining that if there has been "no formal adjudication of guilt . . . at the time he required medical care, the Eighth Amendment has no application."). Due process rights afforded to Plaintiff are "at least" as great as those afforded to convicted prisoners under the Eighth Amendment. *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535, n.16, 545 (1979)). However, in order to sustain a claim of inadequate medical care under either Amendment, the plaintiff must show that prison officials were deliberately indifferent to the detainee's serious medical needs. *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Under the law of the Fourth Circuit, the "deliberate indifference" standard is met only if treatments are "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (cases collected)). Therefore, in order for Plaintiff to recover, he must show (1) his medical needs were serious or life threatening and (2) that Defendants were deliberately and intentionally indifferent to those needs of which they were aware. *Estelle*, 429 U.S. at 104-105.

In this case, Plaintiff does not allege any acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. In his objections, Plaintiff repeats his original allegation that Defendants have "not [a]dministered this prescribed medication" and states that he needed the medicine to "maintain competency due to his mental illness." (Objections at 1.) However, Plaintiff presents no evidence of his alleged mental illness and does not allege that a lack of medication could cause a serious or life threatening situation. By not supplementing his

5

complaint with any further evidence of a serious medical need, Plaintiff fails the first portion of the test under *Estelle*. 429 U.S. at 104-106.

Additionally, Plaintiff has not satisfied the second part of the test described in *Estelle*, the "deliberate indifference" requirement. *Id.* The record contains only Plaintiff's medical records produced by Defendants and attached to their Motion for Summary Judgment. These records, which were supplemented with a list of medications Plaintiff has received while in custody, convinced the Magistrate Judge that Plaintiff had failed to "state a claim for deliberate indifference to a serious medical need" since neither Defendant was involved in Plaintiff's medical treatments. (R&R at 12.) The court agrees that Plaintiff has presented no evidence that Defendants were aware of and indifferent to Plaintiff's medical needs.

The Constitution only requires that a "certain minimum level of medical treatment" is provided; therefore, a pretrial detainee, such as Plaintiff, is not entitled to the "treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468 (1st Cir. 1981)). "The essential test is one of medical necessity," and limiting treatment to what can be provided on a "reasonable cost and time basis" is appropriate. *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Because Plaintiff fails to present evidence that is essential to a claim of deliberate indifference to a serious medical need, the court agrees with the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be granted.

## IV.  CONCLUSION

It is therefore **ORDERED**, for the aforementioned reasons, that Defendants' Motion for Summary Judgment is hereby **GRANTED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 5, 2007**.